UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONAS ROBERT, | : | CIVIL NO: 4:10-CV-02303 |
| Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| DR. ZALOGA and | : | |
| JANINE DONATE, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

I. Background and Procedural History.

On November 5, 2010, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. The plaintiff also filed an application to proceed *in forma pauperis.*

The complaint names as defendants Dr. Zaloga, a doctor at the Lackawanna County Prison, and Janine Donate, the Warden of the Lackawanna County Prison.

The plaintiff alleges that upon his arrival at the Lackawanna County Prison he informed a nurse that he had been diagnosed with HIV and Hepatitis B. He alleges that he subsequently spoke to defendant Zaloga about his condition and that defendant Zaloga ordered a blood test. He alleges that

defendant Zaloga lied to him about the blood test results by telling him that he had no virus whatsoever.

The plaintiff alleges that he was subsequently transferred to the State Correctional Institution at Graterford where he was told he is in fact Hepatitis B positive. He has received medicine at SCI-Graterford for his Hepatitis B. However, he was without medication during the two years that he was incarcerated at the Lackawanna County Prison. He alleges that as a result of HIV and Hepatitis B he is constantly tired, he has night sweats and he frequently vomits.

The plaintiff alleges that he sent a letter to defendant Donate in July of 2010 requesting a grievance form but that he received no reply from defendant Donate.

As relief the plaintiff is seeking declaratory and injunctive relief as well as compensatory and punitive damages.

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim

2

showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting

3

*Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

4

> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

This is a 42 U.S.C. § 1983 action. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

We conclude that the complaint fails to state a claim upon which relief may be granted against defendant Donate.

5

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendant in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The plaintiff has not alleged facts in his complaint from which it can reasonably be inferred that defendant Donate was involved with any denial of medical care for his Hepatitis B while he was at the Lackawanna County Prison or that she was aware of any denial of care and acquiesced in such denial of care. The plaintiff alleges that he mailed a letter to defendant Donate requesting a grievance form and that he

6

received no reply from defendant Donate.  However, he has not alleged that he informed defendant Donate during the time that he was incarcerated at the Lackawanna County Prison of the alleged denial of care.  Moreover, "[i]t is well-established that inmates do not have a constitutionally protected right to a prison grievance system." *Mitchell v. Dodrill,* 696 F.Supp.2d 454, 469 (M.D.Pa. 2010)(Rambo, J.).  Thus, defendant Donate's failure to respond to the plaintiff's request for a grievance form does not state a claim upon which relief may be granted.  The complaint fails to state a claim upon which relief may be granted against defendant Donate.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  In the instant case, by an Order dated December 7, 2010, we granted the plaintiff leave to file an amended complaint to attempt, if appropriate, to state a claim or claims upon which relief may be granted against defendant Donate.  We ordered that the

plaintiff may file an amended complaint on or before January 10, 2011. We stated that if the plaintiff fails to file an amended complaint, it will be ordered that the original complaint be served on defendant Zaloga only and it will be recommended that defendant Donate be dismissed from the case.

The plaintiff has not filed an amended complaint.[1] Accordingly, we will recommend that defendant Donate be dismissed from this case. By a separate Order, we have ordered that the complaint be served on defendant Zaloga.

IV. Recommendations.

Based on the foregoing, it is recommended that defendant Donate be dismissed from this case. It is further

---

1. Although the plaintiff has not filed an amended complaint, on January 5, 2011, the plaintiff filed a document entitled "Brief as an Objection to the Magistrate Judge Smyser Orderer" and on January 6, 2011, the plaintiff filed a document entitled "Motion Relate to Brief as an Objection of the Magistrate Judge Smyser Ordered." These documents appear to be in the nature of an appeal of the Order of December 7, 2010 to the district court judge. Therefore, we will not rule on those documents. We note, however, that nothing in those documents changes the recommendations made in this Report and Recommendation.

recommended that the case be remanded to the undersigned for further proceedings.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: January 28, 2011.